IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD RAINEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 08-102-SLR |
| ) | |
| DIAMOND STATE PORT CORP., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of March, 2009, having reviewed the papers submitted by plaintiff in response to the court's order of November 24, 2008 (D.I. 18-20);

IT IS ORDERED that judgment by default shall be entered in favor of plaintiff, Edward Rainey, and against defendant, Diamond State Port Corporation, in the amount of two hundred fifty dollars ($250.00), for the reasons that follow:

1. Plaintiff filed suit against defendant, asserting that defendant (plaintiff's former employer) disciplined and discharged him in a discriminatory fashion, based upon plaintiff's race, color, sex and national origin. (D.I. 1) Although defendant was served (D.I. 8), defendant failed to answer or to otherwise respond to the complaint. A default in appearance was entered on October 9, 2008, and plaintiff filed a motion for entry of a default judgment on November 20, 2008. (D.I. 15, 17)

2. Because plaintiff's allegations were never vetted through discovery or trial, the

court relies on certain exhibits filed by plaintiff to recite the relevant facts. (D.I. 7) Consistent with these certain exhibits, it appears that plaintiff, an African-American male in his thirties, got into an altercation at work on January 19, 2007, with a co-worker, an African-American male in his fifties. It was determined by defendant, plaintiff's employer, that plaintiff was the aggressor in the incident. Charges for "offensive touching/other assaults" were filed. Plaintiff's employment was terminated on or about February 15, 2007, as the January 2007 incident was the second such violent incident in which plaintiff was involved in less than a year.

3. The State of Delaware, Department of Labor, Division of Industrial Affairs - Discrimination Program ("the Department"), investigated plaintiff's complaint of discriminatory conduct. The Department concluded that there was no reasonable cause to believe that an unlawful employment practice had occurred, based on the following reasoning:

> In this charge of discrimination, the Charging Party must prove by a preponderance of the evidence that his gender was a motivating factor in his discipline and discharge. In the absence of direct evidence, the Charging Party can support his allegations with circumstantial evidence if he can show that (1) he was a member of a protected class; (2) he suffered adverse action; and (3) similarly situated coworkers outside of Charging Party's protected class were treated more favorably under similar circumstances. The Department has considered the information and evidence submitted by both parties, and finds that this claim fails on the third prong; that is, the female coworkers who Charging Party alleges were treated more favorably were not similarly situated. This was Charging Party's second incident of fighting within a year, and he was determined to have been the aggressor. The response to his first offense was in line with - and even more lenient than - the actions taken against others following first offenses. The Charging Party was informed of this [Department's] Preliminary Determination to dismiss this Charge of Discrimination and afforded him the opportunity to submit additional information. He has not done so. Accordingly, this No Cause Determination follows.

(D.I. 7)

4. In his last submission, plaintiff filed multiple documents that reflect various aspects of his financial condition, including past due bills. Even without any coherent explanation provided by plaintiff, it is evident that the termination of his employment has caused him financial difficulties.

5. The record, then, includes a corporate defendant that did not bother to respond to plaintiff's complaint of discrimination, and a plaintiff whose complaint of discrimination may have no merit. Under these circumstances, the court concludes that only nominal damages are warranted.

_____
United States District Judge